IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| ELIJAH BONNEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:13-cv-01749-TLW |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

On January 30, 2015, Plaintiff Elijah Bonneau brought a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that the Commissioner's position in this action was not substantially justified. (Doc. #34). The motion seeks reimbursement for counsel's representation in the above-captioned matter in the amount of $7,910.17 (representing 1.30 hours at a cost of $184.76 per hour in 2013 and 40.90 hours at a cost of $187.53 per hour in 2014). The Commissioner filed a response in support of Plaintiff's motion on February 17, 2015. (Doc. #35).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To determine whether the Commissioner was "substantially justified" in terminating social security benefits and thus whether an award of attorney's fees under the EAJA is warranted, the court asks whether there was arguably substantial evidence to support the Commissioner's position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

After careful consideration of the parties' filings, it is reasonable to conclude that the Commissioner's position was not substantially justified and that the requested fees should be awarded. As noted, the Commissioner does not object to Plaintiff's motion for an award of fees.

Having reviewed the file and being fully advised, the Court hereby **ORDERS** that Plaintiff's motion for attorney's fees under the EAJA is **GRANTED**, and the Commissioner is ordered to award Plaintiff $7,910.17 in attorney's fees. (Doc. #34). Although the EAJA fee award should be paid to Plaintiff rather than to his attorney pursuant to Astrue v. Ratliff, 130 S. Ct. 2521, 2528-29 (2010), the check itself should be mailed directly to Plaintiff's attorney.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 17, 2015
Columbia, South Carolina